## WOLSIEFFER v. REAGAN.— 229 S. W. (2d) 155.

Middle Section.   February 24, 1950.

Petition for Certiorari denied by Supreme Court, April 29, 1950.

Keyes, Redmond & Swafford, of Crossville, for complainant.

· J. B. Reagan and Hollis A. Neal, both of Jamestown, for defendant.

HOWELL, J. In this case the complainant sued the defendant for $1,750.00 and in addition an undivided one-half interest in some royalties reserved by the defendant in an oil lease sold by him to a C. E. Thompson of Monroe, Louisiana.

The defendant in his answer denied that he was indebted to complainant in any amount.

Upon the hearing the Chancellor filed a written finding of facts and opinion in which he found in favor of the complainant and a decree was entered accordingly.

The defendant has appealed and has assigned errors which are principally directed at the finding of facts by the Chancellor.

The Chancellor's finding of facts is in part as follows:

"The complainant Wolseiffer and Peterson had been engaged in prospecting and drilling for oil, leasing land, etc., in Fentress County. On March 31, 1945, Nancy J. Buck, Stella Ledbetter, and J. T. Ledbetter executed the oil and gas lease filed as Exhibit 'A' to the original bill to the defendant J. B. Reagan covering a tract of 2000 acres more or less. By the terms of the lease $100.00 rental was payable every six months to keep the lease in effect unless a well was commenced on the premises within six months. This lease was assigned to A. L. Peterson by Reagan, and on May 12, 1947, Peterson transferred and assigned the same to P. D. Wolsieffer, as evidenced by a sales contract filed as Exhibit 2 to Wolsieffer's testimony. Since about January of 1947, Wolsieffer had been attorney in fact for Peterson.

"Peterson became sick about the first of March and left Jamestown and went to Chicago where he died Aug. 7, 1947. The assignment to Wolsieffer by Peterson of May 12, 1947, was drafted by the Defendant a practicing

attorney, and who had been representing the parties in drawing legal instruments, etc., in connection with their operations in Fentress County. The consideration for this transfer according to the testimony of Wolsieffer was $2700.00 cash, and the assumption of obligations estimated at $1200.00."

The Chancellor further found that on June 20, 1947 the defendant wrote Mr. Peterson in part as follows:

"Dear Mr. Peterson:

"With reference to our 2000 acre lease desire to say I have the lease already sold you will please transfer the same to me and mail to me at once."

In this same letter the defendant also wrote:

"I regret that you have been sick and hope that you have recovered by this time and expecting to receive the lease properly transfered as requested and assuring you that when I transfer it to the other party that you shall have your interest in full in the lease, or the proceeds therefrom but do not expect me to handle the lease and take the amount out of your share that is due me but expecting that you will confer with me by letter and that a settlement satisfactorily may be had. I am

"With best wishes.

"Sincerely yours
(signed) J. B. Reagan
J. B. Reagan"

In reply to this letter the complainant wrote defendant:

"Dear Mr. Reagan:

"Your letter of June 20th received in Minneapolis due to the fact Mr. Peterson is in a state of semi coma in Chicago. Realizing and knowing of his obligations to you my only recourse is to immediately mail an assign-

ment of the lease. Hoping this will make a partial retribution or possibly show a slight profit for us both.

"In reference to legal work done by you and your office; to my knowledge Mr. Peterson or my self has never received any bill or statement.

"Would appreciate an immediate reply concerning lease and believe all further monetary obligations can be taken care of on my return to Jamestown.

"Knowing you realize and understand my position in this affair, I hope we can arrive at a happy medium.

"I will mail the 2000 acre lease in the morning, June 26th.

"Thanking you for your patience, I remain."

The Chancellor found further that pursuant to this correspondence the complainant did transfer the lease to defendant and that defendant sold it to a Mr. Thompson for $3,500.00 and a reservation of some royalties and thus found: "Complainant recognizes, and has all the time, that Reagan was to have a one-half interest in the lease, although it was in his name after the transfer from Peterson, and he states that he mailed the assignment to Reagan at Reagan's request for the purpose of selling the lease relying upon his letter of June 20, 1947, that he would receive his full share from the proceeds of the sale of the lease. He has not received anything from Reagan as consideration for the transfer of June 26, 1947.

After setting out more fully what transpired between these parties in connection with the lease the Chancellor held that complainant was entitled to the relief prayed.

We have carefully examined the entire record and cannot say that the evidence preponderates against the facts found by the Chancellor. See Code, Section 10622.

The assignment of the lease by the defendant to the complainant is in the following language:

"Assignment

"For and in consideration of One Dollar cash in hand paid, and other good and valuable consideration, the receipt of all of which is hereby acknowledged, I hereby transfer and assign to A. L. Peterson the within lease. Given under my hand this 4 day of April, A. D. 1945, State of Tennessee, County of Fentress. J. B. Reagan (Seal)."

This assignment is acknowledged before a Notary Public.

It is noted that the complainant does not insist that he is owner of the whole of the lease but only a one-half interest in it. It is thus evident that there must have been some understanding which may have been covered by the "other good and valuable consideration" referred to in the assignment. The defendant in his letter above quoted from refers to the lease as "our two thousand acre lease" and further assures the complainant assignor that he shall have his interest in full when the lease is sold.

The equities are with the complainant and the defendant cannot now be heard to say that complainant had no interest in the lease.

The assignments of error are overruled and the decree of the Chancellor is affirmed.

The appellant will pay the cost.

Affirmed.

Felts and Hickerson, JJ., concur.